# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICAN OVERSIGHT,<br>1030 15th Street NW, B255<br>Washington, DC 20005<br><br>*Plaintiff,*<br><br>v.<br><br>U.S. DEPARTMENT OF HEALTH AND<br>HUMAN SERVICES,<br>200 Independence Avenue SW<br>Washington, DC 20201<br><br>*Defendant.* | Case No. 19-cv-1578 |

## COMPLAINT

1. Plaintiff American Oversight brings this action against the U.S. Department of Health and Human Services under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4. Because Defendant has failed to comply with the applicable time-limit provisions of the FOIA, American Oversight is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining the agency

1

from continuing to withhold agency records and ordering the production of agency records improperly withheld.

**PARTIES**

5. Plaintiff American Oversight is a nonpartisan, non-profit section 501(c)(3) organization committed to the promotion of transparency in government, the education of the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information it gathers, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

6. Defendant the U.S. Department of Health and Human Services (HHS) is a department of the executive branch of the U.S. government headquartered in Washington, D.C., and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). HHS has possession, custody, and control of the records that American Oversight seeks.

**STATEMENT OF FACTS**

7. On December 17, 2018, American Oversight submitted a FOIA request to HHS seeking all calendars or calendar entries for Shannon Royce, director of the HHS Center for Faith and Opportunity Initiatives, also known as the Partnership Center (including any calendars maintained on her behalf, such as by an administrative assistant). A true and correct copy of American Oversight's FOIA request is attached hereto as Exhibit A.

8. American Oversight requested that the calendars be produced in a format that includes all invitees, any notes, and all attachments.

9. American Oversight further clarified that HHS should not limit its search to Outlook calendars, but rather that any document—paper or electronic, whether on government-

issued or personal devices—used to track or coordinate how Ms. Royce allocates her time on agency business should be considered responsive.

10. As of the date of this Complaint, HHS has not yet notified American Oversight that it has assigned tracking numbers to this FOIA request.

11. American Oversight has not received any communication from HHS regarding this request.

*Exhaustion of Administrative Remedies*

12. As of the date of this Complaint, HHS has failed to (a) notify American Oversight of any determination regarding American Oversight's FOIA request, including the full scope of any responsive records the agency intends to produce or withhold and the reasons for any withholdings; or (b) produce all of the requested records or demonstrate that the requested records are lawfully exempt from production.

13. Through Defendant's failure to make determinations as to American Oversight's FOIA request within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Searches for Responsive Records

14. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

15. American Oversight properly requested records within the possession, custody, and control of Defendant.

16. Defendant is an agency subject to and within the meaning of FOIA and must therefore make reasonable efforts to search for requested records.

17. Defendant has failed to promptly and adequately review agency records for the purpose of locating those records which are responsive to American Oversight's FOIA request.

18. Defendant's failure to conduct adequate searches for responsive records violates FOIA.

19. Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendant to promptly make reasonable efforts to conduct adequate searches for records responsive to American Oversight's FOIA request.

## COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

20. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

21. American Oversight properly requested records within the possession, custody, and control of Defendant.

22. Defendant is an agency subject to and within the meaning of FOIA and must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

23. Defendant is wrongfully withholding non-exempt agency records requested by American Oversight by failing to produce records responsive to its FOIA request.

24. Defendant is wrongfully withholding non-exempt agency records requested by American Oversight by failing to segregate exempt information in otherwise non-exempt records responsive to American Oversight's FOIA request.

25. Defendant's failure to provide all non-exempt responsive records violates FOIA.

26. Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to its FOIA

request and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

**REQUESTED RELIEF**

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendant to conduct a search or searches reasonably calculated to uncover all records responsive to American Oversight's FOIA request identified in this Complaint;

(2) Order Defendant to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to American Oversight's FOIA request and indexes justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA request;

(4) Award American Oversight attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant American Oversight such other relief as the Court deems just and proper.

Dated: May 29, 2019 　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　*/s/ Sara Kaiser Creighton*
　　　　　　　　　　　　　　　　　　　Sara Kaiser Creighton
　　　　　　　　　　　　　　　　　　　D.C. Bar No. 1002367

　　　　　　　　　　　　　　　　　　　AMERICAN OVERSIGHT
　　　　　　　　　　　　　　　　　　　1030 15th Street NW, B255
　　　　　　　　　　　　　　　　　　　Washington, DC 20005
　　　　　　　　　　　　　　　　　　　(202) 869-5245
　　　　　　　　　　　　　　　　　　　sara.creighton@americanoversight.org
　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiff*